IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONIO McGHEE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-14-982 |
| WARDEN, et al. | * | |
| Defendants | * | |

\*\*\*

# MEMORANDUM

Pending is a motion to dismiss or, in the alternative, for summary judgment filed by defendants Frank Bishop, Christopher Preston, Joey Smith, and Adam Whitacre.[1] (ECF No. 20.) Plaintiff has not filed a response.[2] The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, defendants' motion, construed as a motion for summary judgment, shall be granted.

## Background

Self-represented plaintiff Antonio McGhee ("McGhee"), a Maryland prisoner incarcerated at North Branch Correctional Institution ("NBCI"), filed a letter complaint alleging that he was subjected to racist threats and harassment. (ECF No. 1.) He further alleged his mail

---

[1] The Clerk shall be directed to amend the docket to reflect the proper spelling of Whitacre's name.
    Deidre Mull, a private medical professional, has not been served with the complaint. Accordingly, plaintiff's complaint against her shall be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m).
    Additionally, plaintiff has named Don Rounds and Christopher Rounds as defendants. He alleges they are correctional officers employed at the North Branch Correctional Institution. But no officers with those names are employed at that facility, and counsel has declined to accept service on behalf of the unidentified defendants. (ECF No. 11.) Similarly, counsel was unable to identify Officer Schaffer without his first name. (*Id.*) For the reasons stated in the body of this memorandum, even if these defendants had been properly identified and served with the complaint, plaintiff's claims against them would fail.

[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), on November 17, 2014, plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. (ECF No. 21.) Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. (*Id.*)

and requests for administrative remedies ("ARPs") were tampered with by unspecified persons. (*Id.*) Plaintiff was directed to file an amended complaint "using pre-printed forms for use in filing a civil rights complaint." (ECF No. 2.) In his amended complaint, plaintiff claims that on July 9, 2013, he was in in an altercation with Correctional Officer Joey Smith. (ECF No. 3 at 2.) Following the incidents he states that he was repeatedly threatened by officers Dan Rounds and Christopher Rounds. (*Id.*) Plaintiff further alleges that Officers Preston and Schaeffer have threatened to mace plaintiff and "run [him] in his cell." (*Id.*)

Plaintiff states that he has ordered legal work from the police department. On November 13, 2012, he indicated that he received his legal mail inside a brown paper bag. Plaintiff did not sign for the mail, which he alleges is contrary to Division of Correction procedures, and 30 pages of his legal work were missing. Plaintiff filed a claim, but it was dismissed. (*Id.*)

Plaintiff also asserts that he is being denied adequate treatment for his unspecified psychological problems. He states, "the psychology department is extremely racist towards me." (*Id.*) Plaintiff indicates that Deirdre Mull placed him on unspecified medication after she took him off unspecified medication, and told him in a meeting that "I really don't care what your [sic] going through, I just have to investigate the claim so I can cover my ass with my boss." Plaintiff claims he has migraines and adverse side effects from taking of the medication she prescribed. (*Id.*)

Plaintiff further alleges that the mailroom throws out his incoming and outgoing mail, so he does not have any contact with his family. He states that when he receives mail it is at least a month late. (*Id.*) His amended complaint does not, however, reiterate his allegations that unspecified persons interfered with his efforts to obtain administrative relief.

Plaintiff claims that on May 28, 2013, he was subject to unspecified unsanitary living conditions. He states that he asked to move and wrote an ARP, but the Housing Unit Manger refused to move him. He states that he "caught an infection" as a result. (*Id*. at 3.)

Plaintiff also claims that he was threatened by Sgt. Whitacre on September 10, 2009. He claims that administrative response to these threats was that Whitacre was asked if he recalled the incident and, when he denied any recollection of the incident, plaintiff's ARP was dismissed. (*Id*.)

Plaintiff seeks transfer from NBCI to the Jessup Correctional Institution, Patuxent Institution, or Roxbury Correctional Institution. He also seeks money damages. (*Id*. at 4.)

In response, the defendants filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. (ECF No. 20.) Among other arguments, they asserted that McGhee had failed to exhaust available administrative remedies. Defendants append to that motion an affidavit from NBCI's Administrative Remedy Coordinator, who indicates that since 2009 plaintiff has filed at least 20 requests for administrative remedy regarding various complaints. (ECF No. 20-2.) Among those ARP's were complaints concerning plaintiff's receipt of legal mail in a brown paper bag and his course of medical treatment. (ECF No. 20-3.) Both claims were investigated and dismissed. The claim related to legal mail was dismissed for want of evidence, while the claim related to medical treatment was dismissed because plaintiff's treatment was altered in light of his noncompliance with the health care provider's instructions. (*Id.*) A declaration from the Executive Director of the Inmate Grievance Office, which processes ARP appeals, indicates that that body has never received an appeal from McGhee from the dismissal of any ARP. (ECF No. 20-6.)

The Administrative Remedy Coordinator's declaration indicates that he is aware of no interference with McGhee's ARP requests. (ECF No. 20-2.) Also appended to the defendants motion is a declaration from an employee of that institution's mailroom, indicating that he is aware of no tampering with McGhee's mail. (ECF NO. 20-5.)

Three days after the filing of the defendants' motion, the court issued a letter to McGhee, informing him of that filing and warning that failure to "file a timely written response" might result in dismissal of his case. (ECF No. 20.) Roughly five months later, the court issued another letter to McGhee, highlighting his failure to respond to the government's motion, reiterating that such a failure "may be grounds to dismiss your case or to enter judgment against you," and giving him an additional 21 days in which to respond to the government's motion. (ECF No. 23.) McGhee has filed no response.

## Standard of Review

The defendants have moved to dismiss McGhee's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. A court considers only the pleadings when deciding a Rule 12(b)(6) motion. Where, as here, the parties present materials outside of the pleadings and the court considers those materials, the motion is treated as one for summary judgment under Federal Rule of Civil Procedure 12(d). "There are two requirements for a proper Rule 12(d) conversion." *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013) (en banc). First, all parties must "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment," which may be satisfied when a party is "aware that material outside the pleadings is before the court." *Id.* (quoting *Gay v. Wall,* 761 F.2d 175, 177 (4th Cir. 1985)). "[T]he second requirement for proper

conversion of a Rule 12(b)(6) motion is that the parties first 'be afforded a reasonable opportunity for discovery.'" *Id.* (quoting *Gay*, 761 F.2d at 177).

Here, McGhee had adequate notice that the defendants' motion might be treated as one for summary judgment. The motion's alternative caption and attached materials in themselves put McGhee on notice. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Moreover, the court explained in its letters to McGhee that the motion was either to dismiss or, in the alternative, for summary judgment. If the McGhee believed he needed additional evidence to oppose summary judgment, Rule 56(d) afforded him the opportunity to seek further discovery through an affidavit. *See* Fed. R. Civ. P. 56(d); *see also Greater Balt.*, 721 F.3d at 281 ("[The defendant] took 'the proper course' when it filed the Rule 56([d]) Affidavit, 'stating that it could not properly oppose . . . summary judgment without a chance to conduct discovery.'") (citation omitted); *Laughlin*, 149 F.3d at 261 (refusing to overturn district court's grant of summary judgment on assertions of inadequate discovery when the nonmoving party failed to make an appropriate motion under Rule 56([d])). He has not invoked that rule. Therefore, the court will consider the affidavits and additional materials submitted by the defendants and will treat the motion of the defendants as a motion for summary judgment.

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. "A party opposing a properly supported motion for summary judgment 'may not rest

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor.  *Greater Balt.*, 721 F.3d at 283.  At the same time, the court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

## Analysis

Judgment in favor of the defendants is proper because McGhee has not exhausted available administrative remedies.  The Prisoner Litigation Reform Act provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion is required even where the relief sought is not attainable through resort to the administrative remedy procedure.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001).  A claim that has not been exhausted may not be considered by this court.  *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 219–20 (2007).  Thus, the exhaustion provision plainly extends to plaintiff's allegations.  His complaint must be dismissed, "unless he can show that he has satisfied the administrative exhaustion requirement under the

PLRA, or that the defendants have forfeited their right to raise non-exhaustion as a defense." *Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

The exhaustion requirement "require[s] prisoners to pursue administrative grievances until they receive a final denial of their claims, appealing through all available stages in the administrative process." *Chase*, 286 F.Supp.2d at 530. It does not, however, require the exhaustion of administrative processes unavailable to a prisoner. "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Blake v. Ross*, --- F.3d ---, 2015 WL 2405241, at *3 (4th Cir. 2015) (quoting *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).

In Maryland, filing a request for administrative remedy "involves a three-step process: the inmate files a request for remedy with the warden, then appeals a denial to the Commissioner of Corrections, and finally appeals any subsequent denial to the Inmate Grievance Office ('IGO')." *Id.* at *3.

Here, the defendants argue that McGhee has failed to exhaust his administrative remedies by failing to appeal any of his ARP's. McGhee has not responded to that argument, despite two reminders from the court. He has thus abandoned the allegation, in his amended complaint, to have exhausted his administrative remedies, which is reason enough to issue judgment in the defendants' favor. *See, e.g.*, *Young v. Swiney*, 23 F. Supp. 3d 596, 601 (D. Md. 2014). Although McGhee has asserted that unspecified persons have interfered with his ARP's, that allegation is not repeated in his amended complaint. In any case, the record indicates that McGhee *has* filed at least 20 ARP's—which undermines the suggestion of interference—but no appeals. And his allegations of tampering with those or other filings are conclusory at best. Even if those allegations were supported by an affidavit cognizable on summary judgment, *see* Fed. R. Civ. P.

56(c)(1)(A), they would not avert summary judgment, *see, e.g.*, *Evans v. Techs. Applications & Servs. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) ("[S]ummary judgment affidavits cannot be conclusory.").

Accordingly, summary judgment will be granted in the defendants' favor.

A separate Order follows.

<u>May 29, 2015</u>                                                        /S/
Date                                                                      Catherine C. Blake
                                                                          United States District Judge